**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

OCT 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFFREY REICHERT, individually and on behalf of all others similarly situated, <br><br> Plaintiff-Appellee, <br><br> and <br><br> GARY MOYER, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> RAPID INVESTMENTS, INC., DBA Access Freedom, DBA Rapid Financial Solutions; CACHE VALLEY BANK, <br><br> Defendants-Appellants, <br><br> and <br><br> KEEFE COMMISSARY NETWORK, LLC, DBA Access Corrections, <br><br> Defendant. | No. 19-35989 <br><br> D.C. No. 3:17-cv-05848-RBL <br><br> MEMORANDUM[*] |
| JEFFREY REICHERT, individually and on behalf of all others similarly situated; GARY | No. 19-35994 |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| MOYER, individually and on behalf of all others similarly situated, | D.C. No. 3:17-cv-05848-RBL |
| Plaintiffs-Appellees, | |
| v. | |
| KEEFE COMMISSARY NETWORK, LLC, DBA Access Corrections, | |
| Defendant-Appellant, | |
| and | |
| RAPID INVESTMENTS, INC., DBA Access Freedom, DBA Rapid Financial Solutions; CACHE VALLEY BANK, | |
| Defendants. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted September 1, 2020[**]
Seattle, Washington

Before: McKEOWN and VANDYKE, Circuit Judges, and KENDALL,[***] District Judge.

Rapid Investments, Inc., Cache Valley Bank, and Keefe Commissary

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

Network (collectively "Rapid") appeal the district court's denial of their motion to compel arbitration of Gary Moyer's claims, based on an arbitration provision contained in the cardholder agreement (the "Agreement") Moyer received with his release card. The parties are familiar with the facts, so we do not repeat them here. We vacate and remand.

To determine "whether a valid agreement to arbitrate exists," *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000), we apply "ordinary state-law principles that govern the formation of contracts," *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) (citation omitted).[1] Here, the analysis of "[m]utual assent . . . required for the formation of a valid contract," *Yakima Cty. (West Valley) Fire Prot. Dist. No. 12 v. City of Yakima*, 858 P.2d 245, 255 (Wash. 1993), involves an inquiry into Moyer's intent—based on "the reasonable meaning of [his] words and acts"—to assent to the terms of the Agreement. *City of Everett v. Sumstad's Estate*, 631 P.2d 366, 367 (Wash. 1981).

But the district court seems to have bypassed that analysis. It deemed the "facts and circumstances of Gary Moyer's claims . . . identical in all material respect to those of Jeffrey Reichert," another plaintiff, and concluded that "like Mr. Reichert," Moyer did not enter into a contract. The district court found the "only difference between Mr. Reichert and Mr. Moyer" to be the "mere fact" that Moyer

---

[1] The parties agree that Washington law governs.

3

received the Agreement with his release card.  But based on the district court's sparse analysis, it is unclear whether the district court properly considered all relevant facts and circumstances specific to Moyer—particularly because there was no declaration from Moyer in the record.  *See Burnett v. Pagliacci Pizza, Inc.*, 470 P.3d 486, 492 (Wash. 2020) ("Mutual assent is gleaned from outward manifestations and circumstances surrounding the transaction.").

Accordingly, we vacate and remand for the district court to determine whether the factual record for Moyer supports a valid and enforceable arbitration agreement.  Notwithstanding any delegation clause in the Agreement, "challenges to the *existence* of a contract as a whole must be determined by the court prior to ordering arbitration." *Sanford v. Member Works, Inc.*, 483 F.3d 956, 962 (9th Cir. 2007).

Because we do not express any views on whether a valid, enforceable agreement exists, we decline to address whether Keefe Commissary Network has standing to enforce the arbitration provision.

**VACATED AND REMANDED.**